UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

    E & J MACON LLC, *et al.*,[1]

                                    Debtors.

Chapter 11

Case No. 1-18-40321-nhl
*Jointly Administered*

----------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO (i) OBTAIN CREDIT FROM MARK J. NUSSBAUM PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 and 364(b) and (c)(3), BANKRUPTCY RULE 4001 AND E.D.N.Y. ADMINISTRATIVE ORDER NO. 558; and (ii) USE CASH COLLATERAL AND MAKE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 11 U.S.C. §§ 105, 361, 362(d)(3) and 363(c)(2)**

**UPON** the motion dated February 28, 2018 (the "**Motion**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the accompanying supporting declaration of Mark J. Nussbaum and the exhibits to the Motion, for an order authorizing the Debtors to (a) obtain credit from Mark Nussbaum (the "**DIP Lender**"), a pre-petition creditor, minority shareholder and manager of Debtors Pacific Realty, Bergen Realty and Macon Realty, pursuant to §§ 105, 361,362, 363 and 364(b) and (c)(3) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "**Bankruptcy Code**"), Bankruptcy Rule 4001 and Administrative Order No. 558 of the United States Bankruptcy Court for the Eastern District of New York ("**Admin Order 558**"), in accordance with the proposed loan agreement annexed to the Motion (the "**DIP Loan Agreement**") in the amount of up to $100,000.00 on an interim basis pursuant to an interim order of this Court (the "**Interim Loan Amount**") and in the amount of up to $300,000 on a final basis, inclusive of any Interim Loan Amounts advanced pursuant to the Interim Order, a final order of this Court (the "**Final Loan Amount**"), all for the purposes set forth in the Budget annexed to the

---

[1] The Debtors jointly administered under this caption, along with E&J Macon LLC ("E&J Macon"), are 1596 Pacific Realty LLC ("Pacific Realty"), Case No. 18-40410-nhl, 1049 Bergen Realty LLC ("Bergen Realty"), Case No. 18-40412-nhl and 401 Macon Realty LLC ("Macon Realty"), Case No. 18-40409-nhl.

Motion (the "**Budget**") and granting DIP Lender (i) an unsecured administrative priority claim pursuant to Bankruptcy Code §364(b); and (ii) a lien upon the Real Property, junior to valid, duly perfected allowed liens on the Real Property as of the Petition Date pursuant to Bankruptcy Code §364(c)(3); (b) use cash collateral in the form of rental income pursuant to Bankruptcy Code §§105, 361, 362(d)(3) and 363(c)(2) and (c) pay, current non-default interest from and after February 25, 2018, in the amount of $912/day as adequate protection to Macon Funding pursuant to Bankruptcy Code §§361 and 362(d)(3), and upon no objection to the entry of the Interim Order having been filed and upon the hearing held on March 22, 2018 and for good cause shown, it is hereby

        FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.    *Jurisdiction.* This Court has core jurisdiction over these Cases, this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    *Notice.* Under the circumstances, the notice given by the Debtors of the Motion and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rules 4001(b) and (c).

*Findings Regarding the Need for DIP Financing and Use of Cash Collateral.*

3.    Good cause has been shown for the entry of this Interim Order.

4.    The Debtors urgently require the ability to use Real Property and the rental income from the Real Property pursuant to Bankruptcy Code §363(c)(2) and to secure financing pursuant to Bankruptcy Code §364 to fund the ongoing business of the Debtors as set forth in the Budget, including to protect the value of the Real Property for the benefit of creditors, to maintain and

repair the Real Property and to continue providing necessary services to the tenants who occupy the Real Property.

5. Cash Collateral and the proceeds of the DIP Loan Agreement shall be used only for the purposes set forth in the Budget.

6. The Debtors have inadequate working capital, and do not anticipate collecting sufficient cash during the term of the DIP Loan Agreement to fund expenses which the Debtors need to incur in order to continue to operate as Chapter 11 debtors.

7. The Debtors are unable to obtain on any basis credit on terms more favorable than those now offered by DIP Lender and are unable to obtain credit on an unsecured basis.

8. It appearing that, for the purposes of this Interim Order, (i) there is a substantial equity cushion in the Real Property above the obligations allegedly owed to Macon Funding and the Pre-Petition Lender; (ii) the Pre-Petition Lender has consented to the use of its collateral and cash collateral pursuant to the terms set forth in the DIP Loan Agreement; (iii) a portion of the proceeds of the DIP Loan Agreement shall be used by the Debtors to pay adequate protection to Macon Funding, pursuant to Bankruptcy Code §§ 361, 362(d)(3) and 363(c)(2), the amount of $912/day from and after February 25, 2018, which represents the non-default post-petition interest claimed due on the principal amount of the Macon Funding Claim; and (iv) the value of the Real Property is being preserved and enhanced by the use of cash collateral and the proceeds of the DIP Loan, the interests of Macon Funding and the Pre-Petition Lender against diminution in value of their collateral is adequately protected.

9. The interests of all parties in interest are protected and enhanced by the Debtors' access to the cash collateral and the DIP Loan.

*Interim Approval of DIP Loan.*

10. The Motion is granted on an interim basis.

11. The terms and conditions of the Loan Agreement are hereby approved in their entirety and deemed fully enforceable against the Debtors, jointly and severally, and all other interested parties. The DIP Lender and the Debtors shall obtain approval of the Court for any material amendment to the terms of the DIP Loan Agreement.

12. The Debtors are hereby authorized and empowered, pursuant to Bankruptcy Code §§105, 361, 362, 363(c)(2), and 364(b) and (c)(3) to do and perform all acts, to make, execute and deliver all instruments, agreements, and documents, including, without limitation, the DIP Loan Agreement, and to borrow from the DIP Lender up to the sum of $100,000.00 in accordance with the terms and conditions set forth in the DIP Loan Agreement annexed to the Motion for the purposes set forth in the Budget, which DIP Loan Agreement and Budget is hereby approved on an interim basis, and to pay all principal, interest, fees, and other expenses, which may be required or necessary for the Debtors to perform all of their obligations under this Interim Order and the DIP Loan Agreement.

13. The Debtors are authorized to perform their obligations hereunder, and under the DIP Loan Agreement, in accordance with the terms thereof. All funds advanced pursuant to this Interim Order have been or will be advanced by DIP Lender to the Debtors as provided in the Loan Agreement and are subject to the provisions of this Interim Order.

14. The DIP Lender is hereby granted, (i) pursuant to Bankruptcy Code § 364(b), an unsecured administrative claim, up to the sum of $100,000.00, to the extent of the Interim Loan Amount advanced pursuant to the DIP Loan Agreement and the Budget and this Interim Order, subject to payment of the Carve Out; and (ii) pursuant to Bankruptcy Code §§105 and 364(c)(3), as security for the DIP Obligations, effective and perfected upon the date of this Interim Order and without the necessity of the execution, recordation of filing of mortgages, security agreements, control

agreements, pledge agreements, financing statements or other similar documents, the DIP Lender is hereby granted a duly perfected lien and security interest in and upon the Real Property, junior to valid, duly perfected liens in and upon the Real Property as of the Petition Date, to the extent of the Interim Loan Amount advanced pursuant to the DIP Loan Agreement and the Budget and this Interim Order, and subject to the Carve Out. For the avoidance of doubt, the DIP Lender is not hereby granted and shall not be granted a lien on Avoidance Actions as defined under the Bankruptcy Code, including but not limited to pursuant to 11 U.S.C. §§ 547, 548 and 550.

15. The liens granted to the DIP Lender hereunder shall be deemed fully perfected liens and security interests hereunder, effective and perfected upon the date of entry of this Interim Order approving such liens (and shall remain fully perfected from and after the date of such order) without the necessity of execution or filing of mortgages, security agreements, pledge agreements, financing agreements, financing statements and other agreements or instruments, such that no additional steps need be taken by the DIP Lender to perfect such interests until the DIP Obligations are paid in full. To the extent that the DIP Lender determines to obtain and record documents evidencing the Post-Petition Liens, the provisions of Bankruptcy Code §362(a) are modified to permit such actions.

16. There is no entitlement to a brokerage or financial consultant fee associated with the DIP Loan.

17. The DIP Lender is fully capable of making the advances to the extent allowed and/or required under the Loan Agreement.

18. The DIP Lender shall have no obligation to make any advances beyond the Interim Loan Amount unless the terms of such financing are acceptable to Lender and approved by this Court on a final basis.

19. *Business Judgment and Good Faith*. The terms of this Interim Order, the DIP Loan Agreement, the advances made by the DIP Lender to date under the Loan Agreement, and the Debtors' proposed use of proceeds of the DIP Loan Agreement have been negotiated at arms-length with all parties represented by experienced counsel, are fair, just and reasonable under the circumstances. They are made for reasonably equivalent value and fair consideration, reflect the exercise of prudent business judgment consistent with the Debtor's fiduciary responsibilities, and are in good faith as that term is used in section 364(e) of the Bankruptcy Code and all of the Debtors' obligations and indebtedness arising under, in respect of or in connection with the DIP Loan Agreement shall be deemed to have been extended by the DIP Lender in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

*Interim Approval of Use of Cash Collateral*

20. The Debtors are hereby authorized, pursuant to Bankruptcy Code §§105, 361, 362(d)(3) and 363(c)(2), on an interim basis, to continue to use the Real Property and rental income therefrom for the purposes set forth in the Motion and to the extent set forth in the Budget, which property allegedly constitutes the collateral and cash collateral of Macon Funding LLC and Mark J. Nussbaum subject to providing the adequate protection set forth herein.

21. The payment of any adequate protection hereunder is a condition to the Debtors' continued use of cash collateral.

22. The payment of any adequate protection hereunder is subject to the rights of a secured creditor to seek an order of this Court determining that such adequate protection is no longer adequate.

23. The payment of adequate protection hereunder is subject to the Debtors' rights to (i) object to the claims and liens of the secured lenders receiving such adequate protection; (ii) object to amount of such adequate protection; and (iii) seek discontinuance, reduction or reallocation of adequate protection payments.

24. <u>Termination</u>. In the absence of a further order of the Court, and notwithstanding anything herein to the contrary, the Debtors' authorization to use Cash Collateral shall cease after the earlier to occur of:

   (i) the Maturity of the DIP Loan or the occurrence of an Event of Default thereunder;

   (ii) the Debtors' failure to comply with any of the terms or provisions of this Order, and the failure of the Debtors to cure such breach within 10 days of receiving notice of same;

   (iii) any stay, reversal, vacatur or rescission of the terms of this Order;

   (iv) entry of an order by this Court or any other Court having jurisdiction over these Chapter 11 Cases approving any post-petition financing;

   (v) entry of an order by this Court dismissing any of the Debtors' Chapter 11 Cases or converting any of the Debtors' Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code;

   (vi) the appointment of a trustee or the appointment of an examiner with enlarged powers in any of the Debtors' Chapter 11 Cases unless such appointment is approved by the Prepetition Secured Lenders;

   (vii) any liens pursuant to the Prepetition Loan Documents or Adequate Protection Liens with respect to the Prepetition Collateral or Postpetition Collateral that were valid, binding and perfected, first priority liens on the Petition Date or any liens granted pursuant to this Order shall cease to be valid, binding and perfected, first priority liens; or

   (viii) the Court shall not have entered the Final Order within 30 days of the entry of this Order.

25. *Order Governs.* In the event of any inconsistency between the provisions of this Order and the Loan Documents, the provisions of this Order shall govern.

26.    *Binding Effect; Successors and Assigns.*  The DIP Loan Documents and the provisions of this Order, including all findings herein, shall be binding upon all parties in interest in this Case, including any Official Committee of Unsecured Creditors appointed in this case, and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors); *provided, however*, that the DIP Lender shall have no obligation to extend any financing to any chapter 7 or 11 trustee or similar responsible person appointed for the estate of the Debtor.

27.    A final hearing on the Motion, including any amendments thereto, shall be heard before the Honorable Nancy Hershey Lord at the United States Bankruptcy Court for the Eastern District of New York, Courtroom 3577, 271-C Cadman Plaza East, Brooklyn, New York 11201, on **April 12, 2018 at 2:30 p.m.**, or as soon thereafter as counsel may be heard (the "**Final Hearing**").

28.    The Debtors shall provide notice of the Final Hearing to all parties required to receive notice under Bankruptcy Rule 4001(c) no later than three (3) days after entry of this Order.



Dated: March 26, 2018
Brooklyn, New York

_____
Nancy Hershey Lord
United States Bankruptcy Judge